UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUCRETIA G. VINTILLA | ) | CASE NO. 1:05CV666 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| SAFECO INSURANCE CO. | ) | ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff's Motion to Disqualify pursuant to 28 U.S.C. §144. After careful consideration and review the Court denies Plaintiff's motion.

### STANDARD OF REVIEW

According to 28 U.S.C. § 144, to be entitled to have a judge recuse himself, a party must: 1) file an affidavit that 2) states facts and reasons for the belief that bias or prejudice exists and 3) is filed not less than ten days before the beginning of the term at which the proceeding is to be heard (or good cause must be shown for failure to file the affidavit within that time) and 4) there must be a certificate from counsel to show that the affidavit is made in good faith.

A second recusal section, 28 U.S.C. § 455(a), additionally provides that a judge "shall"

disqualify himself in "any proceeding in which his impartiality might reasonably be questioned." Section 455 is a self-executing recusal section. If a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality, the judge is required to recuse himself. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980). Plaintiff must establish that the alleged bias and prejudice is personal, stemming from an extrajudicial source and resulting in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. Beneke*, 449 F.2d 1259, 1260 (8th Cir. 1971). The mere fact that a judge has made an adverse ruling to a particular party during the course of the present judicial proceedings does not establish bias or prejudice on the part of a judge. *Berger v. United States*, 255 U.S. 22, 31 (1921); *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir. 1974) cert. denied, 421 U.S. 963 (1975).

Plaintiff's attorney's affidavit alleges that Judge Boyko should be disqualified because he has a personal bias and prejudice against Attorney Vintilla as evidenced by:

1) The Judge striking Plaintiff's Motion for Summary Judgment admittedly filed at the same time Plaintiff filed her Complaint.

2) Failure of the Court to notify affiant of the granting of the Motion to Strike and failure to notify affiant of the date and time of the Case Management Conference.

3) The court admonished affiant that "he could not practice in his {Judge Boyko's} court", due to his inactive status with the State of Ohio.

4) Failure to notify affiant prior to the Case Management Conference that his inactive status with the Ohio Supreme Court precluded him from practicing in Federal Court.

## Analysis

Plaintiff's attorney's affidavit fails to allege any bias on the part of the judge that is

personal or stems from an extrajudicial source sufficient to satisfy the requirements of *Grinnell*, warranting the judge's recusal. Nor has affiant shown that the judge has ruled adversely on the merits of any issue *sub judice* as required by *Grinnell*. Furthermore, affiant misapplies *In re Ruffalo*, 390 U.S. 544 (1968) where that case involved the disbarment of an attorney in federal court based on his disbarment in state court. In the case at bar, this court has not disbarred affiant nor has it removed him from representing Plaintiff (see Docket entry of June 17, 2005). The Court merely required affiant's co-counsel to assume lead counsel status until such time as affiant was reinstated by the Ohio Supreme Court based on affiant's representation to this Court that he intended to apply for reinstatement. Affiant has offered no case law to support his position that the actions of the Judge constitute bias or prejudice sufficient to require recusal under 28 U.S.C. 144.

Affiant states that an unidentified employee of the Clerk of Courts office of the Carl B. Stokes United States Courthouse informed him that he could file his Motion for Summary Judgment at the time of the filing of his Complaint, in clear violation of the express language of Federal Civil Rule of Procedure 56(a). Affiant has offered no case law to support his contention that unsubstantiated opinions of third parties permit the contravention of express language of Civil Rule 56(a). However, even if such case law existed, affiant can show no prejudice by this Court for the striking of his Motion for Summary Judgment as the Court deemed it filed as of the date of the Case Management Conference (docket entry of June 17, 2005.)

Affiant alleges that the Court failed to notify him of the Case Management Conference and failed to notify him that his Motion for Summary Judgment was stricken. The Court notes that the Clerk of Courts office, which is responsible for sending notice of the case management conference and Court orders, attempted service on affiant under an old address. Failure to notify

affiant was not the result of any bias or prejudice on the part of the Court but rather the apparent failure of affiant to comply with Local Rule 83.5 requiring attorneys to notify the Clerks office, in writing, of any change in address. Affiant has not provided evidence that he complied with Local Rule 83.5 prior to the filing of Plaintiff's Complaint. The evidence indicates that it was affiant's failure to abide by Local Rule 83.5 and not any alleged prejudice or bias by this Court that resulted in his failure to be notified. Nor has affiant suffered any prejudice by the failure to notify as he timely filed his objections to the Motion to Strike and said objections were considered at the time the Court ruled on the motion. Again, the Court must reiterate that Plaintiff suffered absolutely no prejudice from the Court's ruling as his Motion for Summary Judgment was subsequently deemed filed and is currently before this Court.

Finally, the Court notes that it was not informed of affiants retired status with the Ohio Supreme Court. The Court discovered that affiant was on retired status upon examination of Plaintiff's Complaint, while preparing for the case management conference, when affiant failed to include his bar registration number pursuant to Local Rule 10.1. Again, it was affiants failure to follow local and civil rules that resulted in the complained of actions by this Court and not any personal bias or prejudice. Furthermore, the Court has a duty, under these circumstances, to require counsel to prove he is licensed and duly qualified to appear in United States District Court.

As Plaintiff has failed to meet the requirements of *Grinnell*, and has failed to demonstrate that the complained of actions of this Court were the result of any personal bias or prejudice but rather affiant's own failure to comply with civil and local rules, the Court finds that Plaintiff's motion is not well taken. Accordingly, Plaintiff's motion to disqualify Judge Boyko is denied. Cosnequently, Plaintiff's Motion to Vacate the Docket Entry of June 17, 2005 is also

denied.[1]

       IT IS SO ORDERED.

_7/14/05_                  _/s/ Christopher A. Boyko_
Date                          CHRISTOPHER A. BOYKO
                               United States District Judge

---

[1] The Court notes that Plaintiff filed a Writ of Mandamus with the United States Court of Appeals for the Sixth Circuit on or about July 13, 2005, prior to this Court's ruling on Plaintiff's Motion to Disqualify filed June 27, 2005.