**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUCRETIA G. VINTILLA** | ) | CASE NO. 1:05CV666 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **SAFECO INSURANCE COMPANY** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Plaintiff's and Defendant's Motions for Summary Judgment. Viewing the facts of this case and all reasonable inferences in favor of Plaintiff on Defendant's Motion, and in favor of Defendant on Plaintiff's Motion, this Court finds there is no genuine issue for trial. Therefore, the Court denies Plaintiff's Motion for Summary Judgment and grants Summary Judgment in favor of Defendant Safeco Insurance Company.

## I. FACTUAL BACKGROUND

Plaintiff's claim stems from a motor vehicle collision that occurred on December 10, 2000 in Rocky River, Ohio. The undisputed facts, taken from Plaintiff's Complaint, indicate Plaintiff and the other driver involved were both traveling south on Wooster Road in Rocky River. As Plaintiff turned right to enter the parking lot of her church, the passenger side of her vehicle was struck by the front driver's side of the other vehicle. Officer Bird of the Rocky River Police Department responded to the scene where he determined, after speaking to both Plaintiff and the other driver involved, Plaintiff had caused the accident.  Plaintiff received a Summons in Lieu of Warrant ordering her to appear in Rocky River Municipal Court to answer to the charge she violated Section 331.11(a) of the Traffic Code of Rocky River by not making her turn "as close as practicable to the right hand curb or edge of roadway."[1]

On the morning of the trial date, March 1, 2001, Officer Bird dismissed his complaint upon verifying Plaintiff's insurance company (Defendant in this case) had compensated the other driver involved in the accident.[2] Subsequently, Plaintiff received a letter dated August 27, 2001, from Defendant Safeco Insurance Company of Illinois (hereinafter Defendant or Defendant Safeco) advising her that her automobile insurance policy would be non-renewed on October 1,

---

[1] Section 331.11 of the City of Rocky Rivers traffic code reads in pertinent part:
The driver of a vehicle intending to turn right into a private road or driveway, . . . from a public street or highway shall be governed by the following rule. (a) Approach for a right turn and a right turn shall be made as close as practicable to the right hand curb or edge of roadway.
Rocky River, OH., Codified Ordinances, ch. 3, ti. 5, §331.11(a) (2005).

[2] No civil suit was ever filed against Plaintiff or her insurance company to recover damages resulting from the accident of December 10, 2000.

2001, due to the at-fault accident of December 10, 2001.[3] Plaintiff protested the non-renewal successfully, and was issued a substitute policy.[4]

Plaintiff unsuccessfully sued Officer Bird and the City of Rocky River for violating her constitutional right to due process by "arbitrarily usurp[ing] the function of a judicial tribunal and improperly pronounc[ing] the plaintiff 'at fault' for the accident." *See Vintilla v. City of Rocky River,* No. 02-2291 (Def.'s Ex. D at p.5.) This court determined the fact "[t]hat Officer Bird disagreed with [Plaintiff's] assessment of who caused the accident does not render his investigation, the issuance of a citation to her or the criminal proceeding that was dismissed, a violation of due process." *Id.* at 6.

Plaintiff is now before this Court alleging, in her Complaint, Defendant breached their contract of insurance by settling the other driver's damages claim despite "no suit ha[ving] been filed in court by the opposing party to establish . . . that plaintiff was legally responsible for the damages" and, in doing so, Defendant violated her right to due process. (Pl.'s Compl. at ¶¶ 8-11.) Despite procedural irregularities within Plaintiff's prosecution of her case, this Court is considering the merits of Plaintiff's Motion for Summary Judgment. Defendant has also filed a Motion for Summary Judgment.

---

[3]Plaintiff misstates the contents of the August 27, 2001 letter (Pl.'s Ex. 6.) The letter stated two reasons for the non-renewal: the accident of December 10, 2000 and a backing accident on January 2, 2000. In addition, Plaintiff states in her Complaint that the "reason given by the defendant for the non-renewal of the policy was that plaintiff was **at fault** for the accident of December 10, 2000[,]" (emphasis added), when in actuality the letter simply lists the accidents as the reason for non-renewal without assigning fault.

[4]Plaintiff alleges this substitute policy was issued with a substantial increase in premium but has presented no information or evidence to support this.

## II. STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is not material unless it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Id*. When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id*. However, in evaluating a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the non-moving party. *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097-98 (6th Cir. 1994).

## III. LAW AND ANALYSIS

For purposes of evaluating both parties' motions for summary judgment, this Court construes the facts in the light most favorable to Plaintiff. However it is apparent from the brief and supporting materials that Defendant is entitled to judgment in its favor as a matter of law.

**A. THE LAW ESTABLISHES THAT SETTLING CLAIMS WITHIN POLICY LIMITS IS A RIGHT RESERVED SOLELY TO THE INSURANCE COMPANY**

In Plaintiff's first cause of action, she claims that Defendant "breached the contractual provisions of the insurance policy issued to the [P]laintiff, and its duty of good faith in its relationship with the [P]laintiff." (Pl.'s Compl. at ¶ 10.) She claims this breach resulted in a violation of Plaintiff's right to due process. (Pl.'s Compl. at ¶ 11.) Plaintiff states that both

claims were the direct result of Defendant's paying the other driver's damages claim arising from the accident of December 10, 2000, "without just or reasonable cause . . . ."

Settled law in Ohio and elsewhere provides that:

> where a contract of insurance provides that the insurer may, as it deems appropriate, settle any claim or action brought against its insured, a cause of action alleging a breach of the insurer's duty of good faith will not lie where the insurer has settled such claim within the monetary limits of the insured's policy.

*Marginian v. Allstate Ins. Co.*, 18 Ohio St. 3d 345, 348 (1985); *see also Hart v. Republic Mut. Ins. Co.*, 152 Ohio St. 185 (1949) (liability insurance company which reserves the right to settle, as it deems expedient, any claim against its insured is not liable to the insured for negligence in settling or refusing to settle such a claim) (syllabus by the court); *see also Fireman's Fund Ins. Co. V. Security Ins. Co. of Hartford*, 367 A.2d 864 (1976) (where potential loss is within liability policy limits, insurer has absolute right to control litigation); *see also Travelers Ins. Co. v. Hitchner*, 160 A.2d 521 (Law Div. 1960) (holding that an insurance company may settle claims against its insured "at its option . . . without any interference on the part of the insured . . .").

Furthermore, the insurer's duty to defend its insured is generally held to include the right to settle rather than litigate claims. *See Farmer's Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo. 1984); *see also Bankers Indem. Ins. Co v. A. E. A. Co.*, 108 A.2d 464 (N.J. Super App. Div. 1954). Because the insured's interest in settlement generally conflicts with the company's interest in avoiding liability, many courts hold that the implied obligation of good faith and fair dealing requires an insurer to accept a reasonable settlement offer. *See Harris v. Standard Acc. & Ins. Co.,* 191 F.Supp. 538 (S.D.N.Y. 1961), *rev'd on other grounds*, 297 F.2d 627 (1961), *cert. denied*, 369 U.S. 843 (1962). Additionally, an insurance company may breach the covenant of

good faith and fair dealing when it fails to properly investigate[5] its insured's claim or where there is an unreasonable failure to make any efforts towards settlement of a claim. *Netzley v. Nationwide Mut. Ins. Co.*, 296 N.E.2d 550 (Ohio 2d Dist. Montgomery Cty. 1971).

There are numerous cases citing the proposition that an insurance company acts in bad faith if it **does not settle** claims against its insured, even if it settles frivolous or groundless claims. *See Wasserman v. Buckeye Union Cas. Co.*, 32 Ohio St. 2d 69 (1972) (quoting *Hart*, supra) (an insurance company "is liable to respond in damages to its insured if it fails to act in good faith with respect to the settlement of [a personal injury] claim; *see also Marginian,* 18 Ohio St. 3d at 347 (regardless whether such claims are frivolous or groundless, an insurance company acts in good faith when it settles such claims within its insured's policy limits). This

---

[5]Plaintiff states throughout her filings that both Officer Bird and Defendant's adjuster failed to properly investigate the accident when making their separate determinations that Plaintiff was at fault. Plaintiff admits that Officer Bird and Defendant's adjuster examined the physical damage to Plaintiff's and Defendant's vehicles, and the statement's of both drivers that the other driver was behind Plaintiff prior to the accident. Despite Plaintiff's argument in her Complaint and Response, the fact that investigators did not witness the collision does not render their investigation improper. *See Vintilla v. Rocky River*, No. 02 -2291 (Def.'s Ex. D at p. 6.)

Ohio laws governing insurance provide that "[t]he testimony of any insured seeking recovery from the insurer [under uninsured or underinsured motorist coverages] shall not constitute independent corroborative evidence, unless the testimony is supported by independent evidence." OHIO REVISED CODE ANN. § 3927.18(A)(3) (Anderson 2002). This common sense rule can be extended to these facts. Plaintiff offers no corroborating physical evidence, and no corroborating testimony from impartial witnesses, but only her unsupported, self-serving assertions that she made her right turn as close as practicable to the curb. This is hardly "abundant evidentiary material" as Plaintiff claims in her Response, nor does it set forth specific facts showing a genuine issue for trial.

Plaintiff further argues that her version of events is undisputed. This is inconsistent with the fact that Plaintiff was originally charged with violating the traffic ordinances of Rocky River (whether or not that charge was dropped) and inconsistent with Plaintiff's own claim that gives rise to this litigation–the fact that Defendant found Plaintiff to be responsible for the accident and paid the damages claim of the other driver.

In light of the foregoing, this Court finds Defendant's investigation of the December 10, 2000 accident to be proper.

Court has found no cases, and Plaintiff cites none in her motion nor in her response to Defendant's motion, holding that an insurance company that investigates and settles a claim against its insured within the insured's policy limits will be found to have acted in bad faith.

Plaintiff argues Defendant Safeco breached the insurance contract in settling the other driver's damages claim. As previously discussed, in considering the precise language of the policy, the Ohio Supreme Court has held, "there can be no set of circumstances" under which an insurance company could be held liable for breach of contract for settling a claim against its own insured within policy limits. *Marginian*, 18 Ohio St. 3d. at 347. Thus, what Plaintiff calls the "single question to be decided by the Court" (Pl.'s Resp. at p. 7) has already been decided – established law holds that the Defendant may settle claims against Plaintiff (its insured), even if Plaintiff instructs against doing so, without breaching the insurance contract.

**B. THE CONTRACT LANGUAGE**

**1. The Policy Language Plaintiff Agreed to Expressly States Defendant May Settle Claims Against Its Insured as it Sees Fit**

The liability section of Plaintiff's automobile insurance policy reads:

> Coverage B-Property Damage Liability:
> We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.

(Plaintiff's Ex. 10). As previously examined, an insurance company has a duty to settle claims when it determines through its own investigation that its insured is likely to be found liable for damages. In *Marginian*, the Ohio Supreme Court examined policy language substantially similar

to the language above,[6] and found the insured's protestations of innocence and instructions not to settle any claims do not alleviate this duty. *See Marginian*, 18 Ohio St. 3d at 347. The court found "that there can be no set of circumstances under which [the insured can succeed on his claim of bad faith against the insurance company for settling claims made against him within policy limits]." *Id*.

In *Marginian*, as here, plaintiff instructed his insurance company not to pay any claims for damages arising out of two separate collisions, and then sued his insurance company when they paid damages claims of the other driver's involved in both. *Id*. at 345-46. Plaintiff in *Marginian* alleged he had been harmed by the insurance company's settlement in that he would be subject to increased premiums on "the subject insurance policy, or any other similar policy he may procure." *Id*. The Ohio Supreme Court held, despite the resultant increase in premium, the insurance company's right to settle was not contingent on its insured's approval. *Id.* at 348.

This is the same argument Plaintiff makes here. Plaintiff argues she was harmed by the increase in her auto insurance premium subsequent to claim settlement. Plaintiff has not shown that her premium increase was due solely or even primarily to the accident of December 10, 2000. The notice of non-renewal lists two separate accidents as the cause for non-renewal. (Pl.'s Ex. # 6.) Even assuming *arguendo* that the accident of December 10, 2000, was the sole motivating cause of the premium increase, Plaintiff has not provided any evidence of the

---

[6] Allstate will pay for all damages a person insured is legally obligated to pay – because of bodily injury or property damage . . . We will defend a person insured if sued as the result of a covered auto accident . . . and, may settle any claim or suit if we feel this is appropriate.

*Marginian*, at 346. Arguably, "will defend . . . may settle" makes the policy language examined in *Marginian* even less clear on the right of an insurance company to settle claims than the language of Plaintiff's policy, which uses "will settle or defend, as we consider appropriate[.]"

increase in her premium she complains about – precluding summary judgment in her favor. However, because Plaintiff cannot prevail under controlling law even if she had provided that evidence there is no need to allow her to proceed to trial on this issue.

**2. The Policy Language "Legally Responsible" does not Change the Fact That the Law does not Require a Judicial Finding of Guilt or Liability Prior to Settlement**

Despite the fact that settlement agreements are highly favored under Ohio law, *see Continental West Condominum Unit Owners Ass'n v. Howard E. Ferguson, Inc.*, 74 Ohio St. 3d 501, 502 (1996), Plaintiff argues she be afforded the opportunity for a full trial before a determination is made that she is liable for damages resulting from the December 10, 2000, accident.[7] Plaintiff focuses her argument on the words "legally responsible" in the liability section of her insurance policy issued by Defendant. She argues in her Motion for Summary Judgment that "responsibility" equals "liability" which itself means "liable for an amount determined by the trier of the facts in particular cases; liability imposed in a definite sum by a final judgment against the insured." (Pl.'s Br. Opp'n Pl.'s Mot. for Summ. J. and Mot. for Summ. J. at p. 4.)

The policy language Plaintiff quotes says explicitly Defendant may "settle or defend, **as we consider appropriate**, any claim or suit asking for . . . damages." (Pl.'s Ex. 10) (emphasis

---

[7] "It is common sense that the law favors the prevention of litigation, by the compromise and settlement of controversies." *State ex rel. Wright v. Weyandt*, 50 Ohio St. 2d 194, 197 (1977). This was recognized as far back as 1863, when the Supreme Court of Ohio said "[t]he books abound with cases upon this subject; but they are all to the same purpose, and it can not be necessary to cite further authorities in support of a doctrine so well settled." *White v. Brocaw*, 14 Ohio St. 339, 346-47 (1863). Furthermore, Ohio state statutes provide that interest can be imposed from a date earlier than the date of judgement if the court determines that "the party required to pay the money failed to make a good faith effort to settle the case." *See* OHIO REV. CODE ANN. § 1343.03(C) (Anderson Supp. 2005).

added). Plaintiff argues that despite the clarity of the policy language on this point, Defendant had

> no contractual obligation . . . to settle and pay a damage claim against the [P]laintiff . . . before it had been judicially determined that the insured was liable for the payment of damages and the amount of damages had been ascertained and imposed in a definite sum by a final judgment against the [P]laintiff.

(Pl.'s Br. Opp'n Pl.'s Mot. for Summ. J. and Mot. for Summ. J. at p. 3.)

As commonly understood, the term "settlement" means there was no judicial determination of liability and damages–that would be a verdict and judgment.[8] To do as Plaintiff urges would mean that the insurance company could settle a case only **after** a trial and judicial determination of liability and amount; this would defeat the purpose and impetus for settlement. Settlement is intended to conserve judicial resources and provide for more prompt resolution of disputes;[9] to do as Plaintiff suggests would do neither. It defies logic to argue that doing as Plaintiff urges would conserve judicial resources, and is contrary to common sense to argue that a claimant would settle for less than a judgment already in hand, enforceable by the court. Finally, explicit in the cases holding an insurance company may settle claims against its insureds

---

[8] Black's defines settlement as "[a]n agreement ending a dispute or lawsuit." BLACK'S LAW DICTIONARY 1405 (8th ed. 2004). Merriam-Webster defines settle as "to conclude (a lawsuit) by agreement between parties usually out of court." *Merriam-Webster Online Dictionary*, *available at* http://www.m-w.com/dictionary/settle (last viewed Feb. 2, 2006). Therefore, under both a lay and legal interpretation, settlement does not mean judicial determination.

[9] The resolution of controversies by means of compromise and settlement results in
> a saving of time for the parties, the lawyers, and the courts, and is thus advantageous to judicial administration, and, in turn, to government as a whole. . . . [C]ourts today could not sucessfully cope with the volume of their dockets in the absence of settlement agreements.

*Spercel v. Sterling Industries, Inc.*, 31 Ohio St. 2d 36, 38 (1972).

-10-

without their permission, or even against their insured's wishes, is the proposition that the company may make this decision itself, without judicial fact-finding or determination. See *Marginian*, 18 Ohio St. 3d 345; *Hart*, 152 Ohio St. 185. Therefore, settled law, as well as judicial policy and common sense, dictate Plaintiff cannot prevail on this issue.

## C. PLAINTIFF'S CLAIM FOR VIOLATION OF HER DUE PROCESS RIGHTS MUST FAIL FOR LACK OF GOVERNMENT ACTION

Implicit within the cases holding that an insurance company may settle claims against their insured is the rule that, in doing so, the insurance company does not violate any rights guaranteed their insured by the federal or any state Constitutions.

### 1. Procedural Due Process

"Due process requires that individuals must receive notice and an opportunity to be heard before the government deprives them of property." *see United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). This issue has already been decided. In Plaintiff's suit against the City of Rocky River and Officer Bird, this Court stated clearly that "[Plaintiff] cannot establish a procedural due process claim because she cannot show that the government deprived her of property, i.e., that the government increased her insurance premiums . . . ." *Vintilla v. City of Rocky River*, No. 02-2291 (Def.'s Ex. D at p. 7). Therefore, Plaintiff cannot prevail on any claim of procedural due process violation.

**2. Substantive Due Process**

Plaintiff's claim of a substantive due process violation must fail for the same reason outlined above. Plaintiff argues in her Motion for Summary Judgment the "increase in the premium [of her auto insurance policy][10] . . . amounts to a taking of Plaintiff's property without due process of law." (Pl.'s Br. Opp'n Pl.'s Mot. for Summ. J. and Mot. for Summ. J. at p. 5.) Plaintiff's claim of a substantive due process violation in a premium increase must fail because, again, there is no showing that the government deprived her of property.[11] Thus, viewing the facts in a light most favorable to Plaintiff any claim of substantive due process violation must also fail.

## IV. CONCLUSION

Plaintiff has shown no material facts, viewed in a light most favorable to her, by which a verdict in her favor can be rendered under controlling law. Therefore, this Court overrules Plaintiff's Motion for Summary Judgment, and grants Summary Judgment in favor of Defendant Safeco Insurance Company of Illinois.

IT IS SO ORDERED

| | |
|---|---|
| 02/23/06 | s/ Christopher A. Boyko |
| Date | Christopher A. Boyko |
| | United States District Judge |

---

[10] Plaintiff never presented evidence showing the correlation between any increase in her premium and the accident of December 10, 2000.

[11] Generally, a substantive due process claim focuses on governmentally created legislation which deprives a citizen of a fundamental right guaranteed by the Constitution. *See* BLACK'S LAW DICTIONARY (8th ed. 2004).